# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                    Plaintiff,        :        Case No. 3:04-cr-130
                                                    Also Case No. 3:13-cv-331

                                                      District Judge Walter Herbert Rice
   -  vs  -                                Magistrate Judge Michael R. Merz

RONALD TAYLOR,

                    Defendant.        :

---

# REPORT AND RECOMMENDATIONS

---

This is an action on a Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 384).  On the Court's Order (Doc. No. 385), the United States has filed a Response (Doc. No. 391) and Taylor has filed a Reply (Doc. No. 392).

**Procedural History**

On November 23, 2004, the grand jury for this District returned a Superseding Indictment charging Taylor and others in Count 1 with conspiring to distribute, in the Southern District of Ohio and elsewhere, in excess of 150 kilograms of cocaine (Doc. No. 23, PageID 103).  The Superseding Indictment set forth the manner and means of conducting the conspiracy and then the overt acts done in furtherance of the conspiracy. *Id.* PageID 104-10.

Count 2 charged that Taylor engaged in a continuing criminal enterprise in this judicial district and elsewhere:

> in that he unlawfully, knowingly, and intentionally violated Title 21 United States Code, Sections 841(a) (1), 843(b), 846 and 856, which violations include, but are not limited to, the substantive violations alleged in Count 1; the substantive violations alleged in the Overt Acts alleged in Count One, which Overt Acts are realleged and incorporated herein by reference as though fully set forth in this Count, which violations were part of a continuing series of violations of the Controlled Substances Act, Title 21 United States Code, Section 801, et seq., undertaken by defendant RONALD TAYLOR in concert with at least five other persons with respect to whom defendant RONALD TAYLOR occupied a position of organizer, supervisor, and any position of management, and from which such continuing series of violations the defendant RONALD TAYLOR obtained substantial income and resources. Furthermore, defendant RONALD TAYLOR was the principal administrator, organizer, supervisor and leader of the criminal enterprise, which involved conspiring to possess with the intent to distribute and to distribute quantities of cocaine, a Schedule II narcotic drug controlled substance, as set forth in Count 1, and the amount of the mixture and substance was 150 kilograms or more.
>
> In violation of Title 21, United States Code, Sections 848(a)&(b).

*Id.* at PageID 111-12.  The case was tried to a jury and Taylor was convicted on Counts 1 and 2 (Verdict, Doc. No. 229, PageID 3683-84).  Taylor then filed a *pro se* Motion to Vacate or Set Aside the Conviction (Doc. No. 246).[1]  On February 5, 2007, Judge Rice sentenced Taylor to thirty years imprisonment on Count 1 and life imprisonment on Count 2 (Doc. Nos. 269, 278). Taylor appealed to the Sixth Circuit the next day (Doc. No. 265).

On July 10, 2012, the Sixth Circuit decided the appeal.  *United States v. Taylor*, 489 Fed. Appx. 34, 2012 U.S. App. LEXIS 14413 (6th Cir. 2012)(copy at Doc. No. 365).  It held the

---

[1] Judge Rice classified this as a motion for acquittal and denied it as untimely (Doc. No. 273).  The instant Motion under 28 U.S.C. § 2255 is therefore not a second or successive such motion on which Taylor would require the permission of the Court of Appeals before proceeding.

Government had properly proved the existence of venue in this District. *Id.* at PageID 6545-46.

The Government agreed with Taylor's assertion that, by virtue of the Double Jeopardy Clause,

he could not be convicted of both the conspiracy in Count 1 and the continuing criminal

enterprise in Count 2, and the circuit court vacated the conspiracy conviction.  *Id.* at PageID

6549.  Otherwise the judgment was affirmed and the instant Motion followed.


# Analysis


**Taylor's Claims:  Violation of Right to Grand Jury Indictment; Ineffective Assistance of Counsel**

Taylor's Motion claims his trial attorney provided ineffective assistance of trial counsel

in failing to object to:

> (1) the instructions given to the jury on the government's proof of
> venue that constructively amended Count Two of the grand jury's
> indictment, and
>
> (2) the instructions given by the District Court to the jury on
> Petitioner's charge of engaging in a continuing criminal enterprise
> ("CCE") that literally amended Count Two of the grand jury's
> indictment, which violated Petitioner's Fifth Amendment right to
> indictment by grand jury.

(Motion, Doc. No. 384, PageID 6649).

Although Taylor phrases his claim as one of ineffective assistance of trial counsel, his

Motion raises a different substantive claim, to wit, "that his constitutional rights under the Fifth

Amendment was [sic] violated as a result of a constructive and literal amendment to   his

indictment. . . ." *Id.* at PageID 6646. He then adds a section entitled "Cause and Prejudice" explaining that, although this Fifth Amendment claim was not raised on direct appeal, his failure to do so can be excused by ineffective assistance of trial counsel in failing to object to the jury instructions at the two critical points. *Id.* at PageID 6646-47.

# Analysis

**Fifth Amendment Claim**

The Fifth Amendment to the United States Constitution guarantees that a criminal defendant will be tried only on those offenses presented in an indictment and returned by a grand jury. *Stirone v. United States,* 361 U.S. 212, 217-19 (1960). The constitutional rights of a defendant are violated when a modification at trial acts to broaden the charge contained in the indictment. *United States v. Ford*, 872 F.2d 1231, 1235 (6th Cir. 1989). Taylor claims the charges against him made by the grand jury were literally and constructively broadened at trial in violation of his Fifth Amendment rights.

Taylor claims that Count 2 of the Superseding Indictment put him on notice that the "substantive violations" of 21 U.S.C. §§ 843(b) and 856 occurred in the Southern District of Ohio. However, he says the Government actually proved at trial that Taylor never traveled to the Southern District of Ohio and therefore could not have committed the substantive violations in Ohio (Motion, Doc. No. 384, PageID 6647-48). He admits the evidence at trial established he "was responsible for having cocaine shipments sent to several cities, including Dayton and

Columbus, Ohio," but it was "Petitioner['s] co-conspirators that [sic] was responsible for committing any violations in Ohio." *Id.*

Taylor claims that Judge Rice "physically re-wrote the charging terms of the grand jury's indictment that had been presented to the jury. Specifically, the court struck the word 'substantive' from the language in count two describing the predicate acts of sections 843(b) and 856 as substantive violations.. . . ." (Motion, Doc. No. 384, PageID 6648.) As proof of this alleged physical re-writing, Taylor cites to Judge Rice's Jury Instructions, excerpts from which are included in the Appendix to his Motion at PageID 6672-6675. The full Jury Instructions are filed at Doc. No. 230, PageID 3687-3768.

Examining the text of the Jury Instructions shows that in summarizing Count 2 of the Superseding Indictment, Judge Rice did not use the modifier "substantive" along with the word "violations" at two of the six places where the word "violations" is used in Count 2 (Superseding Indictment, Doc. No. 23, PageID 111).

Taylor cites extensive law to the effect that either a literal or a constructive amendment to an indictment violates a defendant's right to be tried only on an indictment returned by the grand jury (Motion, Doc. No. 384, PageID 6649-51, 6653-54). That is a correct statement of the constitutional law applicable to amendments of indictments. But despite Taylor's repetition of the phrase, there was no "physical re-writing" of the Superseding Indictment. Instead, Judge Rice's written summary of the CCE charge in Count Two did not reproduce the word "substantive" which was in the Indictment in two places.

Taylor next argues that what happened was a constructive amendment of the Superseding Indictment (Motion, Doc. No. 384, PageID 6654-55). He cites several Sixth Circuit cases in which erroneous jury instructions required reversal, including *United States v. Ford*, 872 F.2d

1231 (6th Cir. 1989); *United States v. Combs*, 369 F.3d 925 (6th Cir. 2004); *United States v. Jones*, 647 F.2d 696 (6th Cir. 1981), and *United States v. Hunter*, 558 F.3d 495 (6th Cir. 2009). *Id.* at 6655.

In *Ford* the court held that a jury instruction which permitted a conviction upon a finding that defendant possessed a firearm at any date during an eleven month period was a constructive amendment of the indictment which charged possession on a particular date.

In *Combs* the jury instructions confused possessing a firearm in furtherance of a drug trafficking offense and using or carrying a firearm for that purpose.  While both of those actions are offenses under 18 U.S.C. § 924(c), they are separate offenses with different penalties and one cannot be converted to the other without a superseding indictment.  The firearms convictions were thus reversed.

In *Jones* the convictions were reversed because the indictment specifically charged defendants with conspiring to make destructive devices, but the lower court's jury charge permitted defendants' conviction for the mere possession of destructive devices.

*Hunter*, a case arising out of this Court, again involved 18 U.S.C. § 924(c) as in *Combs*. Hunter was convicted of "possessing a firearm during a drug offense," but the court of appeals held there was no such crime.  Rather, § 924(c) required proof of either (1) possession of a firearm in furtherance of drug trafficking, or (2) carrying or using the firearm during and in relation to trafficking.

None of these cases supports a finding of constructive amendment of the Superseding Indictment in this case.  Taylor was charged in Count Two with operating a continuing criminal enterprise.  As Judge Rice properly charged the jury, to obtain a conviction on Count Two,

> The United States must prove, beyond a reasonable doubt, each of
> the following essential elements in order to establish the offense of

engaging in a continuing criminal enterprise as charged in Count 2 of the Indictment.

First. that Ronald Taylor committed the felony violation of the federal narcotics laws alleged in Count 1 of the Indictment;

Second, that the violation of federal narcotics laws alleged in Count 1 of the Indictment was part of a continuing series of related violations of federal narcotics laws;

Third, that the continuing series of violations of federal narcotics laws was undertaken by Ronald Taylor in association or concert with five or more other persons;

Fourth, that Ronald Taylor was an organizer of these five or more other persons or occupied a management or supervisory position with respect to those five or more persons; and

Fifth, Ronald Taylor obtained substantial income or resources from the continuing series of violations of federal narcotics laws.

In addition to the foregoing essential elements, the United States must prove by the preponderance of the evidence, that an act in furtherance of a violation of federal narcotics laws occurred in the Southern District of Ohio.

(Jury Instructions, Doc. No. 130, PageID 3739.) These instructions charge nothing broader than what the grand jury charged in Count 2.

Taylor's claim that the Superseding Indictment put him on notice that "substantive violations" of 21 U.S.C. §§ 843(b) and 856 occurred in the Southern District of Ohio and that he committed them here is unavailing. The Superseding Indictment does not say that Taylor committed the substantive violations in this judicial district, but rather that Taylor engaged in a continuing criminal enterprise both in the Southern District of Ohio and elsewhere, that the enterprise consisted of violating 21 U.S.C. §§ 841(a)(1), 843(b), 846, and 856 in various ways

including the substantive violations alleged in Count 1 and the overt acts alleged in Count 1. (Superseding Indictment, Doc. No. 23, PageID 111.)  When one examines both the substantive violations alleged in Count 1 and the overt acts, one reads numerous allegations that of felony drug violations in this District, but none that say Taylor was actually in this District to do any of them.  Taylor cannot plausibly be heard to say that the grand jury notified him he was being charged with actual presence in this District.

Nor was there any requirement that Taylor actually be present in this District for venue here to be proper.  As the Sixth Circuit held on appeal in this case, "[d]rug conspiracy cases can be prosecuted 'in any district where the conspiracy was formed or where an over act in furtherance of the conspiracy was performed.'"  *United States v. Taylor*, 489 Fed. Appx. 34, ___, 2012 U.S. App. LEXIS 14413 (6th Cir. 2012), *citing United States v. Crozier*, 293 F.3d 503, 519 (6th Cir. 2001).  It further held "'[a] conspiracy defendant need not have entered the district so long as this standard is met.'"  *Id.* at*8, *citing United States v. Scaife*, 749 F.3d 338, 346 (6th Cir. 1984).  It continued:

> As previously mentioned, the superseding indictment listed several overt acts that occurred in the Southern District of Ohio. And the government offered evidence at trial of overt acts that occurred in Ohio. So venue was proper as to this count. For a continuing-criminal-enterprise charge, venue is proper in any district where an act that furthered the criminal enterprise took place. *United States v. Kramer*, 955 F.2d 479, 486 (7th Cir. 1992). Because the conspiracy count was incorporated into the continuing-criminal-enterprise count in the superseding indictment, the government's proof that overt acts occurred in Ohio also establishes that venue is proper as to the continuing-criminal-enterprise count.

*Id.*

In sum, the court of appeals has held that venue was proper in this District and adequately established by proof.  Taylor has not shown that Judge Rice's summary of Count Two amounted

to a constructive amendment of the Superseding Indictment, nor has he pointed to any law which says a trial court must quote an indictment verbatim rather than summarizing it.  Taylor has shown no violation of his Fifth Amendment grand jury right.

**Sixth Amendment Claim**

Although he raised a venue claim on direct appeal, Taylor did not make a claim of violation of his grand jury rights in that forum.  Omission of a claim on direct appeal is subject to forfeiture as procedurally defaulted.  *United States v. Frady*, 456 U.S. 152 (1982); *Kaufman v. United States*, 394 U.S. 217 (1969); *Ratliff v. United States*, 999 F.2d 1023 (6th Cir. 1993).  To excuse that procedural default, Taylor claims he received ineffective assistance of trial counsel when his trial attorney failed to object to the jury instructions of which Taylor now complains.  Analytically, he also needs to show ineffective assistance of appellate counsel to explain his appellate attorney's failure to raise this claim on direct appeal.

At both the trial and appellate levels, claims of ineffective assistance of counsel are subject to the familiar test adopted in *Strickland v. Washington,* 466 U.S. 668 (1984).  In brief, Strickland requires that a defendant show deficient performance by counsel and prejudice resulting from that deficient performance.  Taylor recognizes in his Motion that he must meet the *Strickland* standard (Motion, Doc. No. 384, PageID 6656-58).

Taylor has not met the *Strickland* standard.  Because Judge Rice's jury instruction did not amount to a constructive amendment of the Superseding Indictment it was not deficient performance to fail to object to it at the trial level or to fail to raise it as a claim of error at the appellate level.

**Request for Evidentiary Hearing**

In the Order for Answer, the Court directed the Government to state its position on whether an evidentiary hearing was required (Order, Doc. No. 385, PageID 6684). The United States has responded that no hearing is required (Response, Doc. No. 391, PageID 6732). Taylor replies that "he fits in the rare occasion where an evidentiary hearing is required." (Reply, Doc. No. 392, PageID 6739), *citing Smith v. United States*, 348 F.3d 549, 550 (6th Cir. 2003). In *Smith*, the defendant claimed that his attorney had failed to properly advise him concerning the government's pre-trial guilty plea offer. The trial court rejected the claim without a hearing, but the Sixth Circuit remanded for an evidentiary hearing. It held:

> A prisoner who files a motion under Section 2255 challenging a federal conviction is entitled to "a prompt hearing" at which the district court is to "determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. The hearing is mandatory "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Fontaine v. United States*, 411 U.S. 213, 215, 36 L. Ed. 2d 169, 93 S. Ct. 1461 (1973) (citation omitted). *See also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (holding that "evidentiary hearings are not required when . . . the record conclusively shows that the petitioner is entitled to no relief."). The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993). . . . However, "where there is a factual dispute, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999) (citing *Paprocki v. Foltz*, 869 F.2d 281, 287 (6th Cir.1989)). We have observed that a

> Section 2255 petitioner's burden "for establishing an entitlement to
> an evidentiary hearing is relatively light." *Id.* at 477.

348 F.3d at 550-51.

In the *Smith* case, the circuit court held the defendant should be allowed to develop the record at an evidentiary hearing on what advice he was actually given by his attorney before rejecting the Government's plea offer.  In other words, there was evidence of off-the-record conversations between counsel and client which was relevant to deciding whether the advice (or lack thereof) was constitutionally adequate.  In this case, however, Taylor has not suggested any facts that need to be developed.  All of the facts adverted to in the § 2255 Motion are already in the record.

Therefore the request for evidentiary hearing is denied.

**Conclusion**

The § 2255 Motion should be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

January 8, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).