# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:04-cr-130
                                                                     also 3:13-cv-331

  - vs -                                            District Judge Walter Herbert Rice
                                                                    Magistrate Judge Michael R. Merz

RONALD TAYLOR,

        Defendant.    :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

       This criminal case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 384).   The Magistrate Judge filed a Report and Recommendations recommending the § 2255 Motion be denied with prejudice (the "Report," Doc. No. 393), Defendant has filed Objections (Doc. No. 394), and Judge Rice has recommitted the matter for further analysis (Doc. No. 395).

       Defendant Taylor was indicted and convicted in this Court for conspiring to distribute in excess of 150 kilograms of cocaine (Count 1) and for engaging in a continuing criminal enterprise (Count 2), both in this judicial district and elsewhere.   On appeal, the Sixth Circuit held that the Double Jeopardy Clause barred conviction on both counts, vacated the conspiracy conviction, and otherwise affirmed.  *United States v. Taylor*, 489 Fed. Appx. 34, 2012 U.S. App. LEXIS 14413 (6th Cir. 2012).

1

In his § 2255 Motion, Taylor accuses Judge Rice of literally amending the Indictment to strike the word "substantive" from Count 2. The Report points out that there is no factual basis for this accusation – literally no piece of paper labeled "indictment" or "amendment to indictment" on which Count 2 has been amended. Report, Doc. No. 393, PageID 6745. Despite this, Taylor continues to insist in his Objections that "the trial court struck the word 'substantive' from the language in count two. . . ." Doc. No. 394. But that is not so and no number of repeated assertions will make it so.[1]

Taylor also asserts Judge Rice constructively amended the Indictment when he omitted the word "substantive" in two places from his summary of Count 2 when giving the jury instructions. (The full Jury Instructions are filed at Doc. No. 230, PageID 3687-3768). As discussed at length in the Report, Judge Rice did nothing of the kind. He properly instructed the jury that, to convict Taylor on Count 2, the Government had to prove a number of elements, including that substantive violations of 21 U.S.C. §§ 841(a)(1), 843(b), 846, and 856 and/or overt acts in furtherance of the conspiracy charged in Count 1 had to be shown by a preponderance of the evidence to have been committed in this judicial district, not that Taylor committed them by personally being in this District. The word "substantive" in the Superseding Indictment did not mean that the Government had to prove that Taylor committed the substantive crimes (or overt acts for that matter) in this District, but that acts in furtherance of the conspiracy were committed in this District by persons who were part of the continuing criminal enterprise.

---

1 The Magistrate Judge counts six places where this allegation is repeated, but no citation is offered to any part of the record where a literal change in the Indictment was made.

The issue of venue was present throughout the case and strongly contested by Taylor. Judge Rice's summary of the Indictment in the jury instructions did not change the allegations of the Indictment about venue or the Government's burden of proof on that element.

It is therefore again respectfully recommended that the § 2255 Motion be dismissed with prejudice and that Taylor be denied a certificate of appealability and leave to appeal *in forma pauperis.*

February 3, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).