THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | | Case No. 3:04-cr-130 (1) |
| v. | : | |
| RONALD TAYLOR, | | Judge Walter H. Rice |
| Defendant. | : | |

DECISION AND ENTRY OVERRULING MOTION TO MODIFY
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) (DOC. #408)
OF DEFENDANT RONALD TAYLOR

Before the Court is the Motion to Modify Sentence Pursuant to 18 U.S.C. §

3582(c)(1)(A) ("Motion," Doc. #408) of Defendant Ronald Taylor.  For the reasons

set forth below, the Motion is OVERRULED.

I.    **Factual Background and Procedural History**

On March 22, 2007, Defendant was sentenced to life imprisonment after

being convicted of participation in a continuing criminal enterprise (Count Two).

(Judgment, Doc. #278, PAGEID 4104-06, citing 21 U.S.C. §§ 841(a)(1),(b)(1)(A),

846, 848(a-b)); Superseding Indictment, Doc. #23). Defendant is sixty-five years

old with no present release date.[1]

On December 15, 2020, Defendant filed a request with his Warden for

compassionate release, which the Warden denied on January 5, 2021. (Doc.

---

[1] https://www.bop.gov/inmateloc/ (last accessed Sept. 23, 2024).

#408, PAGEID 6826-27).  On March 16, 2022, Defendant filed the instant Motion, asserting that he will have to undergo hernia surgery, and his weakened immune system during recovery will make him particularly susceptible to contracting severe COVID-19.  He further claims that his deteriorating shoulder condition "diminish[es] his ability to provide self-care within the environment of a correctional facility during the COVID-19 pandemic." (*Id.* at PAGEID 6811).  Defendant argues that his advanced age and exemplary behavior while incarcerated mean that he has a low risk of recidivism (*id.* at PAGEID 6815-16), and that "[a]fter three trials, two mistrials, several acquitted counts, []over 6 months of trial testimony, . . . [and] over 20-years [*sic*] of incarceration, the interest of justice has been served." (*Id.* at PAGEID 6817).  Moreover, Defendant claims that his mother "needs in-home assistance to continue with her daily living," and that Defendant needing to care for her is an extraordinary and compelling reason supporting release. (*Id.* at PAGEID 6818-19).

Plaintiff United States of America (the "Government") argues that Defendant has neither demonstrated an extraordinary and compelling reason for release nor shown that the 18 U.S.C. § 3553(a) factors weigh in favor of release. (Memo. in Opp., Doc. #409, PAGEID 6862).  The Government notes that Taylor was responsible for distributing more than 2,000 kilograms of cocaine and had been convicted of crimes, some violent, on at least eight prior occasions. (*Id.* at PAGEID 6862-63, quoting *United States v. Taylor*, 489 F. App'x 34, 37-38 (6th Cir. 2012)).  "Given the severity of this crime and his role in it, releasing Mr. Taylor

roughly twenty years into a lifetime sentence of imprisonment would offend notions of just punishment and would undermine respect for the law." (*Id.* at PAGEID 6867). Further, the Government argues that the availability of vaccines and boosters means that heightened susceptibility to COVID-19 no longer constitutes an extraordinary and compelling reason. (*Id.* at PAGEID 6864-65, quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)). Moreover, the Government notes that the physician treating  Defendant's mother only stated that his mother *may* require in-home assistance, and Defendant "has not demonstrated that he is [the] only available option to provide that assistance." (*Id.* at PAGEID 6866, citing M. Farley, M.D. Note, Doc. #408, PAGEID 6855). Finally, the Government claims that:

> Taylor is a danger to the community.  He was the mastermind of a massive criminal undertaking. This case was only the most recent in a series of felony convictions spanning from the 1980s through the 2000s.  He has demonstrated little respect for the law throughout his adult life and, even in his early 60s, remains a serious risk of re-offending.

(*Id.* at PAGEID 6867).

Defendant did not file a reply.  The matter is ripe for decision.

## II.    Legal Standards

A district court may, in certain limited circumstances, grant "compassionate release" and modify a term of imprisonment after it has been imposed:

> [T]he court ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), (1) after considering the factors set forth in section 3553(a) to the extent that they are applicable, (2) if it finds that

3

extraordinary and compelling reasons warrant such a
reduction . . .(3) and that such a reduction is consistent with
applicable policy statements issued by the Sentencing Commission. [2]

18 U.S.C. § 3582(c)(1)(A)(i) (numeration added). Defendants seeking

compassionate release may file a motion with the district court only after they

submit a request to his or her warden to move for compassionate relief on their

behalf and either (a) the warden denies the request, or (b) the warden does not

respond within thirty days from the submission of the request. *Id.* Failure to

comply with the exhaustion strictures set forth in the statute deprive a court of

authority to entertain the petition. *See United States v. Alam*, 960 F.3d 831, 834

(6th Cir. 2020) (internal quotation marks and citation omitted) (First Step Act's

exhaustion requirement is, in essence, a "mandatory claim-processing rule[]" that,

when properly invoked, courts must enforce by dismissing the motion).

If the district court adjudges that a defendant has not met one of the

elements, then it may overrule a motion for compassionate release without

discussing any of the other elements. *United States v. Elias*, 984 F.3d 516, 519

(6th Cir. 2021). Further, relief under the statute is wholly discretionary; even if a

defendant meets all three elements of the statute, the Court may, but need not,

order compassionate release. *United States v. Jones*, 980 F.3d 1098, 1106 (6th

Cir. 2020).

---

[2] The United States Court of Appeals for the Sixth Circuit has held that the Guidelines Section
1B1.13 is not an applicable policy statement with respect to motions for compassionate release
filed by prisoner defendants. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).
Nonetheless, the Court may look to Section 1B1.13 for guidance as to what constitutes an
"extraordinary and compelling reason[.]" *Id.* at 519-20.

## III.    Analysis

Defendant has failed to set forth an extraordinary and compelling reason justifying release.  While heightened risk of severe COVID-19 due to a weakened immune system during recovery from surgery may have been such a reason prior to the widespread availability of vaccines, it is no longer.  "To that end, we agree with the Seventh Circuit that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *Lemons*, 15 F.4th at 751 (6th Cir. 2021), citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). *Lemons* remains good law in this Circuit, and thus, Defendant's preexisting health conditions cannot be an extraordinary and compelling reason.

Defendant's need to help care for his mother also is not such a reason.  The Sentencing Commission does allow as a compelling reason "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent."  GUIDELINES § 1B1.13(b)(3)(C).  While there is no bright-line rule for what constitutes "incapacitation of the parent," several courts that have examined the issue have concluded "that the family member must be wholly dependent on the defendant (*and only the defendant*) for care."  *United States v. Mirabal*, No. 16 Crim. 272, 2023 WL 2401377, *7 (S.D.N.Y. Mar. 8, 2023) (emphasis added), citing *United States v. Lindsey*, No. 13 Crim. 271, 2021 WL 37688, *3 (S.D.N.Y. Jan. 4, 2021), *reconsideration denied at* 2021 WL 2186975 (S.D.N.Y. May 28,

2021); *see also United States v. Miles*. No. 7:16-cr-57, 2023 WL 3309875, *7

n.6 (W.D. Va. May 8, 2023) ("Courts have occasionally found extraordinary and

compelling circumstances in . . . caretaking claims, but only in cases of extreme

need where the defendant is the only possible caretaker[.]").  Here, Defendant has

not produced evidence of his mother's incapacitation, only that she *"may* need in-

home assistance to maintain activities of daily living."  (Doc. #408, PAGEID 6855

(emphasis added)).  Defendant has also failed to produce evidence that he is the

only person to help care for his mother; indeed, his mother, in her letter to the

Court, does not even mention any health problems or need for Defendant to care

for her. (*Id*. at PAGEID 6834).  Thus, caring for his mother cannot be an

extraordinary and compelling reason for release.  Defendant's Motion fails for that

reason alone. *Elias*, 984 F.3d at 519.

Defendant's Motion would also fail even if an extraordinary and compelling

reason for release existed.  As stated above, the Government proved beyond a

reasonable doubt that Defendant was the boss of a cocaine trafficking operation

that distributed "[a]t least 2,000 kilograms of cocaine" in less than two years and

received $4.4 million "just from supplying drugs to Dayton, Ohio" from the

operation's base in Southern California. *Taylor*, 489 F. App'x at 37, 46.

Defendant does not dispute the Government's representation of the Presentence

Investigation Report that he was convicted of at least eight crimes between 1985

and 1997, including for burglary, grand theft auto, and robbery. (Doc. #409,

PAGEID 6863).  Defendant's cross-country, multi-million-dollar cocaine trafficking

ring was the culmination of more than fifteen years of continuous malfeasance and jeopardizing of public safety.  The Government is correct that granting Defendant compassionate release would fail "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]"  18 U.S.C. § 3553(a)(2)(A).  As Defendant has failed to satisfy the 18 U.S.C. § 3553(a) factors, his Motion must be overruled for that reason as well.

## IV.    Conclusion

For the reasons set forth above, Defendant's Motion for Compassionate Release (Doc. # 408 ) is OVERRULED.[3]

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

_____

WALTER H. RICE, JUDGE

September 24, 2024                              UNITED STATES DISTRICT COURT

---

[3] This instant Entry does not affect Defendant's ability to file a new motion based on Amendment 814 to the United States Sentencing Guidelines.  Defendant has until September 29, 2024, to do so.  (Order, Doc. #411).

7